Prob12b
5/00

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*Probation Form 49, Waiver of Hearing is Attached*

February 24, 2015

Name of Offender: **JORGE GARCIA**　　　　　　　　Docket Number: 2:14:PT:0002-1

Name of Sentencing Judicial Officer:　　　The Honorable Edward J. Lodge
　　　　　　　　　　　　　　　　　　　　U.S. District Judge, District of Idaho

Name of Presiding Judicial Officer:　　　　The Honorable Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　U.S. District Judge

Date of Original Sentence:　　June 20, 2011

Original Offense:　　<u>Count One:</u> Conspiracy to Commit Mail Fraud**;**
　　　　　　　　　　18 U.S.C. § 371

Original Sentence:　　30 months custody to be followed by 3 years supervised release. Special conditions: (1) comply with rules and regulations of probation department; (2) search and seizure; (3) financial disclosure; (4) not incur any new credit charges or open additional lines of credit, Special assessment $100.00 (paid in full) and $42,333.12 ($5,518.00 paid) restitution joint and several with Karen Damberg-Garcia.

　　　　　　　　　　**July 26, 2011:** Judgment was amended for purposes of modifying the restitution order

　　　　　　　　　　**January 30, 2014:** Jurisdiction accepted in the Western District of Michigan by U.S. District Judge Robert Holmes Bell.

Type of Supervision: Supervised Release　　Date Supervision Commenced: September 13, 2013

---

### PETITIONING THE COURT

[X]　　To Add Special Conditions Number Five (5) through Eight (8), as follows:

Request for Modifying the Conditions or Term                                    Page  2
of Supervision with Consent of the Offender                      The Honorable Robert Holmes Bell
                                                                      **Re: JORGE GARCIA**
                                                                         February 24, 2015

5. The defendant/offender shall be monitored by a form of location monitoring technology at the discretion of the probation officer for a period of 4 months. During that time, the defendant/offender shall abide by all technology requirements and location monitoring program rules, and pay the cost of participation in the location monitoring program as directed by the probation office.

   Location monitoring technology as determined by the probation office shall be utilized to monitor the following restriction on the defendant/offender's movement in the community as well as other court-imposed conditions of release:

   (X) Home Detention: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court ordered obligation; or other activities as pre-approved by the probation officer.

6. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability, as determined by the probation officer.

7. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability, as determined by the probation officer.

8. The defendant shall participate in a wage assignment and/or garnishment as directed by the probation officer.

### CAUSE

On January 19, 2015, Mr. Garcia submitted a urine sample which was positive for marijuana metabolite.  When confronted by the undersigned officer on February 10, 2015, he acknowledged using marijuana via eating a cookie containing marijuana a few days prior to his urine test on January 19, 2015. Mr. Garcia stated he suffers pain from carpel tunnel and added his pain medications are not currently handling his pain. He stated he took the cookie from a friend who possesses a medical prescription for them. He stated the cookie was successful in minimizing his pain.  Mr. Garcia acknowledged that he didn't think much about testing positive and admitted he did not think he would be tested. It should be added he also submitted a urine

| | |
|---|---|
| Request for Modifying the Conditions or Term of Supervision with Consent of the Offender | Page 3<br>The Honorable Robert Holmes Bell<br>**Re: JORGE GARCIA**<br>February 24, 2015 |

sample on February 11, 2015 which has presumptively tested positive for marijuana. That test is pending confirmation from the lab.

Additionally, Mr. Garcia has failed to comply with his monthly restitution requirement. He has not made a restitution payment since October 2014.

In response to his marijuana use, Mr. Garcia was instructed to increase his testing and participate in both Phase I and II urine testing. He will be forwarded to a local substance abuse agency to participate in a substance abuse evaluation with follow up with treatment as applicable. He has been supervised on a low intensity supervision caseload since September 2013, and as a result of his noncompliance, he will be moved to a higher level of supervision to better address his noncompliance and current risks to the community. In response to his failure to pay restitution as directed, it is recommended Mr. Garcia participate in either a wage assignment or garnishment to ensure the victim in this case is being compensated on a monthly basis.  It is also recommended a mental health condition be added, as Mr. Garcia recently admitted suffering from increased depressive thoughts which need to be addressed and monitored by this office.

As a controlling factor, it is respectfully recommended Mr. Garcia be required to complete a 4 month period of home detention as a sanction for his violation conduct.  Electronic monitoring will allow him to remain in the community to take advantage of the above mentioned treatment opportunities. It will also allow Mr. Garcia to maintain his employment which in turn will allow him to make monthly payments toward his restitution obligation.

If Mr. Garcia were to test positive again or violate any other conditions of supervision, the conduct will be reported to the Court immediately and additional action will be recommended.  It should be noted, Mr. Garcia has cooperatively signed a waiver form allowing the Court to modify his conditions without a formal hearing. The waiver has been attached for the Court's review.

                                        Respectfully submitted,

                                        /s/ Kristina M. Snow
                                        Kristina M. Snow
                                        U.S. Probation Officer
                                        616-456-2478

Reviewed and Approved:   /s/ Mark A. Trowbridge, Sr.
                                  Mark A. Trowbridge, Sr.
                                  Supervising U.S. Probation Officer
                                  616-456-2092

Request for Modifying the Conditions or Term  
of Supervision with Consent of the Offender

Page  4  
The Honorable Robert Holmes Bell  
**Re: JORGE GARCIA**  
February 24, 2015

**THE COURT ORDERS:**

[ ] No Action  
[X] The Modification of Conditions as Noted Above  
[ ] Other

```
/s/ Robert Holmes Bell
```
The Honorable Robert Holmes Bell  
U.S. District Judge

```
February 25, 2015
```
Date

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
## WESTERN DISTRICT OF MICHIGAN

      I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended.  By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.  I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

      I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel.  I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To add additional special conditions number five (5) through eight (8) to read as follows:

    5. The defendant/offender shall be monitored by the location monitoring technology at the discretion of the probation officer for a period of 4 months.  During that time, the defendant/offender   and shall abide by all technology requirements and location monitoring program rules, and pay the cost of participation in the location monitoring program as directed by the probation office.

    Location monitoring technology as determined by the probation office shall be utilized to monitor the following restriction on the defendants/offender's movement in the community as well as other Court imposed conditions of release:

        \_\_\_\_\_ Curfew: You are restricted to your residence every day from 11:00 PM  to 6:00 AM.

        __X__ Home Detention: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court ordered obligation; or other activities as pre-approved by the probation officer.

        \_\_\_ Home Incarceration: You are restricted to your residence at all times except for medial necessities and court appearances or other activities specifically approved by the Court.

Jorge Garcia<br>Prob 49

6. The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability, as determined by the probation officer.

7. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability, as determined by the probation officer.

8. The defendant shall participate in a wage assignment and/or garnishment as directed by the probation officer.

Witness: _____  Signed: _____
            Kristina M. Snow                              Jorge Garcia
            U.S. Probation Officer                        Supervised Releasee

Date: 02/20/2015